## J. A. Coleman, Plaintiff in Error, v. J. F. Rowley Co., Defendant in Error.

### Gen. No. 16,335.

SALES—*damages where one of two articles is defective.* On a contract to make an artificial leg satisfactory to the purchaser and to furnish a temporary artificial leg, for which legs a certain amount was paid with an agreement to pay an additional larger amount when the permanent leg was finished, if the temporary leg is painful and unsatisfactory and suit is brought for the amount paid, even if the plaintiff is liable on defendant's claim of set-off for the larger amount to be paid, he is not liable for the entire contract price.

Error to the Municipal Court of Chicago; the Hon. GEORGE B. WATKINS, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed June 17, 1912.

J. A. COLEMAN, for plaintiff in error.

MARVIN E. BARNHART, for defendant in error, *(pro se).*

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error, hereinafter called plaintiff, brought a suit against the defendant in error, hereinafter called defendant, to recover the sum of twenty-five dollars. The defendant filed a claim of set-off for the sum of eighty-five dollars. The cause was submitted to the court without a jury. The court found the issues for the defendant and entered a judgment

against the plaintiff for the sum of eighty-five dollars, and the plaintiff sued out this writ of error.

The evidence shows that the parties entered into a contract whereby the defendant was to make for the plaintiff an artificial leg satisfactory to him, and also make and furnish him a temporary artificial leg, for which legs the plaintiff paid twenty-five dollars and agreed to pay eighty-five dollars more "when permanent leg is finished." The defendant furnished the plaintiff a temporary artificial leg, about which the plaintiff complained to the defendant in several respects, claiming that it was not as agreed, did not fit and caused him such pain to wear that he could not stand it; and offered the leg back to the defendant, demanding a return of the said twenty-five dollars, and not being paid same, brought suit therefor. The defendant's set-off was for the sum of eighty-five dollars, to be paid him as above set forth. There was no other evidence whatever pertaining to the permanent artificial leg. Even if the plaintiff be held liable, we know of no rule of law on the measure of damages that would permit the recovery of the entire contract price under the circumstances in evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*